UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Global Weather Productions LLC,

        Plaintiff,

        v.

Ricardo Molina LLC,

        Defendant.

_____/

Case No:

**DEMAND FOR JURY TRIAL**

# COMPLAINT

Plaintiff Global Weather Productions LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Ricardo Molina LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Michael Brandon Clement *("Clement")* created a series of videos of a blizzard in Buffalo (the "*Videos*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant owns and operates a YouTube Account with the name @Ricardo Molina USA (the "*Account*").

4. Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Video on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff Global Weather Productions LLC is a Wyoming limited liability company and maintains a principal place of business in Sheridan County,

Wyoming.

6. Upon information and belief, defendant Ricardo Molina LLC is a Florida limited liability company and maintains its principal place of business at 501 Celebration Avenue, Celebration in Osceola County, Florida.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Florida.

9. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

A. **Plaintiff's Copyright Ownership**

10. Plaintiff is a professional videography company and the rightful owner of certain videos which Plaintiff commercially licenses.

11. Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

13. Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

14. On November 19, 2022, Clement first published Video 1. A copy of Video 1 is attached hereto as Exhibit 1.

15. In creating Video 1, Clement personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to

capture the image and made each and every artistic determination necessary for the creation of the work.

16. On February 8, 2023, Video 1 was registered by USCO under Registration No. PA 2-401-314.

17. On December 23, 2022, Clement first published Video 2. A copy of Video 2 is attached hereto as <u>Exhibit 1</u>.

18. In creating Video 2, Clement personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

19. On March 8, 2023, Video 2 was registered by the USCO under Registration No. PA 2-404-612.

20. On December 24, 2022, Clement first published Video. A copy of Video 3 is attached hereto as <u>Exhibit 1</u>.

21. In creating Video 3, Clement personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

22. On March 8, 2023, Video 3 was registered by the USCO under Registration No. PA 2-404-606.

23. On December 25, 2022, Clement first published Video 4. A copy of Video 4 is attached hereto as <u>Exhibit 1</u>.

24. In creating Video 4, Clement personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

25. On March 3, 2023, Video 4 was registered by the USCO under

Registration No. PA 2-401-400.

26. Clement created the Videos with the intention of it being used commercially and for the purpose of display and/or public distribution.

27. Plaintiff acquired the rights in and to the Videos by way of written assignment.

**B.** **Defendant's Infringing Activity**

28. Defendant is the registered owner of the Account and is responsible for its content.

29. Defendant is the operator of the Account and is responsible for its content.

30. The Account is a key component of Defendant's popular and lucrative commercial enterprise.

31. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

32. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

33. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringements.

34. On or about December 27, 2022, Defendant displayed all of the Videos on the Account at URL: https://www.youtube.com/watch?v=FGfi01hvDMs. A copy of a screengrab of the Account including the Videos is attached hereto as Exhibit 2. *(Infringements 1-4)*.

35. Without permission or authorization from Plaintiff, Defendant

volitionally copied anddisplayed Plaintiff's copyright protected Videos on the Account.

36. Plaintiff first observed the Infringements on July 14, 2024.

37. Upon information and belief, the Videos were copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Videos (hereinafter the unauthorized uses set forth above is referred to as the "*Infringements*").

38. The Infringements include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement.

39. The Infringements are an exact copy of Plaintiff's original videos that were directly copied and displayed by Defendant on the Account.

40. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Account, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Videos.

41. Upon information and belief, the Videos were willfully and volitionally posted to the Account by Defendant.

42. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

43. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

44. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

45. Upon information and belief, Defendant monitors the content on its Account.

46. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

47. Upon information and belief, the Infringements increased traffic to the Account and, in turn, caused Defendant to realize an increase in subscribers, advertising opportunities, and its business revenue.

48. Upon information and belief, a large number of people have viewed the unlawful copy of the Videos on the Account. At the time that the infringement was discovered, Defendant had at least 758,000 subscribers to the Account and the Videos were viewed by at least 736,000 viewers.

49. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

50. Defendant's use of the Videos harmed the actual market for the Videos.

51. Defendant's use of the Videos, if widespread, would harm Plaintiff's potential market for the Videos.

52. Upon August 29, 2024, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringements of Plaintiff's rights-protected work.

53. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity Defendant failed to respond and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

54. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

55. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

56. The Videos is an original, creative work in which Plaintiff owns a valid copyright.

57. The Videos is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

58. Plaintiff has not granted Defendant a license or the right to use the Videos in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

59. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

60. Defendant's reproduction of the Videos and display of the Videos constitutes willful copyright infringement.

61. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Videos in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Videos without Plaintiff's consent or authority, by using it on the Account.

62. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504

7

in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

63.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

## JURY DEMAND

64.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Videos in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a.  finding that Defendant infringed Plaintiff's copyright interest in and to the Videos by copying and displaying it without a license or consent;

b.  for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.  for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.  for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. §1203(b)(4) and (5);

   e.  for pre-judgment interest as permitted by law; and

   f.  for any other relief the Court deems just and proper.

DATED: November 18, 2024

                 **SANDERS LAW GROUP**

                 By:  */s/ Craig Sanders*
                 Craig Sanders, Esq. (Fla Bar 985686)
                 333 Earle Ovington Blvd, Suite 402
                 Uniondale, NY 11553
                 Tel: (516) 203-7600
                 Email: csanders@sanderslaw.group
                 File No.: 130692

                 *Attorneys for Plaintiff*